UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-04416 BRO (FFMx) | Date | October 24, 2014 |
|---|---|---|---|
| Title | GERARDO GONZALEZ ET AL. V. IMMIGRATION AND CUSTOMS ENFORCEMENT ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

# ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS [53] AND DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION [45]

     This is a class action brought by Plaintiffs Gerardo Gonzalez and Simon Chinivizyan against Defendants Immigration and Customs Enforcement ("ICE"), John Sandweg, David Marin, and David C. Palmatier.  Plaintiffs challenge ICE's alleged practice concerning the issuance of immigration detainers for individuals in the custody of law enforcement agencies.  The immigration detainers request local law enforcement agencies to hold individuals beyond the time they otherwise would be released from custody.  Plaintiffs allege that these immigration detainers are unlawfully issued without probable cause.  They seek injunctive relief against Defendants.

     Pending before the Court are Plaintiffs' motion for class certification, (Dkt. No. 45), and Defendants' motion to dismiss Plaintiffs' Third Amended Complaint, (Dkt. No. 53).  After consideration of the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for decision without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, Defendants' motion is **GRANTED in part**.  Plaintiffs' motion for class certification is **DENIED without prejudice**.  Given the early stage of the proceedings, the Court finds the issue of class certification to be premature at this time.  Plaintiffs may move for class certification again at a later time.  *Cf. Clark v. Sprint Spectrum L.P.*, CV 10-9702 CAS SSX, 2011 WL 835487, at *3 (C.D. Cal. Mar. 7, 2011) ("The Defendants' arguments on class certification are premature . . . .  This Court will not determine class certification at this early stage." (alteration in original) (quoting *Faktor v. Lifestyle Lift*, No. 1:09-cv-511, 2009 WL 1565954, at *2 (N.D. Ohio June 3, 2009))); *see also Weiss v. Regal*

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-04416 BRO (FFMx)** | Date | October 24, 2014 |
|---|---|---|---|
| Title | **GERARDO GONZALEZ ET AL. V. IMMIGRATION AND CUSTOMS ENFORCEMENT ET AL.** | | |

*Collections*, 385 F.3d 337, 347 (3d Cir. 2004) (noting that "the federal rules do not . . . encourage premature certification determinations").

## I. BACKGROUND

### A. Class Allegations of ICE's Practices Concerning Immigration Detainers

As alleged in the Third Amended Complaint, Form I-247 (ICE's "current detainer form") is a form used by ICE "to 'advise another law enforcement agency that [ICE] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien." (Third Am. Compl. ("TAC") ¶ 19 (quoting 8 C.F.R. § 287.7(a)).) Plaintiffs assert that the form is also used to "request that such agency advise [ICE], prior to release of the alien, in order for [ICE] to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible," and to "request that the [local law enforcement agency] 'maintain custody of the alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the Department.'" (TAC ¶ 19 (quoting 8 C.F.R. § 287.7(a), (d)).)

According to Plaintiffs, "[i]mmigration detainers are not warrants or court orders, and they are not issued or approved by judicial officers." (TAC ¶ 20.) Rather, "they are unsworn documents that may be issued by a wide variety of immigration officers, including immigration enforcement agents and deportation officers." (TAC ¶ 20 (citing 8 C.F.R. § 287.7(b)).) Plaintiffs allege in the Third Amended Complaint, as they did in their Second Amended Complaint, that "ICE agents know – and intend – that their detainers will cause the subjects to be imprisoned for multiple days after they should be released." (TAC ¶ 32.) Further, Plaintiffs assert that "ICE agents, pursuant to agency policy and practice, routinely issue immigration detainers without probable cause, and they begin to investigate whether an individual is subject to removal only *after* he or she has been subjected to additional detention on the detainer." (TAC ¶ 5.)

"In addition to causing a week or more of additional warrantless imprisonment," Plaintiffs allege other impacts from immigration detainers, including:

- Holding detainees in custody "far longer than they otherwise would";

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-04416 BRO (FFMx) | Date | October 24, 2014 |
|---|---|---|---|
| Title | GERARDO GONZALEZ ET AL. V. IMMIGRATION AND CUSTOMS ENFORCEMENT ET AL. | | |

- Preventing pretrial inmates from posting bail on their criminal charges;

- Limiting the possible terms of a plea; and

- Affecting an inmate's prison or jail classifications or eligibility for work programs.

(TAC ¶¶ 52–56.)

Plaintiffs maintain that the ICE's immigration detainers were unlawful. Specifically, Plaintiffs claim that the immigration detainers violate the Fourth and Fifth Amendments and exceed ICE's statutory power under 8 U.S.C. § 706(2)(A)–(D). (TAC ¶¶ 102–16.) Plaintiffs seek declaratory and injunctive relief on behalf of themselves and the proposed class of similarly situated individuals.

## B. The Named Plaintiffs

### 1. Gerardo Gonzalez

Plaintiff Gonzalez is a twenty-five-year-old United States citizen who resides in Los Angeles, California. (TAC ¶ 11.) On December 27, 2012, the Los Angeles Police Department ("LAPD") arrested Gonzalez on a felony charge of possession of methamphetamine, after which he was detained by the LAPD and the Los Angeles Sheriff's Department ("LASD"). (TAC ¶ 60.) According to Gonzalez, an LAPD or LASD employee mistakenly listed Mexico as his place of birth on his booking record, despite the fact that he was born in California. (TAC ¶ 61.) Gonzalez first learned that ICE had lodged an immigration detainer against him when his girlfriend attempted to post bail shortly after his parole hold expired, and a bail bondsman told her that Gonzalez had an immigration hold. (TAC ¶ 65.)

Gonzalez alleges that, because of the immigration detainer, he "knew that as soon as his pretrial custody ended—whether because he posted bail or was ordered released on his own recognizance, because his charges were dismissed, because he was acquitted or pleaded guilty to time served, or for any other reason—he would be subjected to unlawful detention in LASD custody for up to 5 days or more on the sole authority of the

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-04416 BRO (FFMx)** | Date | October 24, 2014 |
|---|---|---|---|
| Title | **GERARDO GONZALEZ ET AL. V. IMMIGRATION AND CUSTOMS ENFORCEMENT ET AL.** | | |

immigration detainer." (TAC ¶ 67.) He alleges further that, "at the end of the detainer period, he could be taken into ICE's physical custody and detained for 2 more days, and perhaps longer, while ICE decided whether it had any basis to initiate removal proceedings—all without a judicial probable cause determination." (TAC ¶ 67.) On June 19, 2013, however, hours after this action was commenced, ICE "canceled the immigration detainer" on Gonzalez. (TAC ¶ 69.)

### 2. Simon Chinivizyan

Plaintiff Chinivizyan is a native of Uzbekistan. (TAC ¶ 70.) His family moved to the United States when he was approximately four years old, and he became a United States citizen when he was fourteen years old pursuant to 8 U.S.C. § 1431. (TAC ¶¶ 70–71.) On approximately June 7, 2013, Chinivizyan was arrested on two drug charges and one charge of receiving stolen property. (TAC ¶ 73.) On June 19, 2013, he pled no contest to the three charges. (TAC ¶ 74.) "On or about June 19, 2013," ICE placed an immigration detainer on Plaintiff Chinivizyan. (TAC ¶ 51, Ex. B.)

On July 2, 2013, "a superior court judge ordered Plaintiff Chinivizyan to spend six months in a residential drug treatment facility, and ordered him released on his own recognizance on the condition that he be released to a representative of the Assessment Intervention Resources ('AIR') program so that he could be transferred to the residential drug treatment facility." (TAC ¶ 76.) The next day, "an AIR representative went to the County jail to pick up Plaintiff Chinivizyan and transport him to a residential drug treatment facility," but "LASD told AIR that Plaintiff Chinivizyan would not be released because he had an immigration detainer." (TAC ¶ 78.)

After learning of the immigration detainer, Chinivizyan's mother provided LASD with documentation establishing her son's citizenship. (TAC ¶ 82.) An LASD officer informed her, however, that "nothing could be done to lift the immigration detainer" until Chinivizyan was transferred to ICE custody. (TAC ¶ 82.) On July 10, Chinivizyan joined this lawsuit with the filing of the First Amended Complaint. (TAC ¶ 84.) At that point, he was being held in jail "solely because of the immigration detainer." (TAC ¶ 84.) Two days later, on July 12, 2013, ICE lifted the immigration hold it had placed on Chinivizyan. (TAC ¶ 85.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-04416 BRO (FFMx) | Date | October 24, 2014 |
|---|---|---|---|
| Title | GERARDO GONZALEZ ET AL. V. IMMIGRATION AND CUSTOMS ENFORCEMENT ET AL. | | |

### C. Procedural History

Gonzalez filed his initial Complaint on June 19, 2013.  (Dkt. No. 1.)  On July 10, 2013, Gonzalez filed a First Amended Complaint, which added Chinivizyan as a named Plaintiff.  (Dkt. No. 10.)  After the Court granted Plaintiffs leave to amend the complaint further, Plaintiffs filed a Second Amended Complaint on September 9, 2013.  (Dkt. No. 24.)  On July 28, 2014, the Court granted Defendants' motion to dismiss Plaintiffs' Second Amended Complaint and permitted Plaintiffs leave to amend.  (Dkt. No. 42.)

Plaintiffs filed a Third Amended Complaint on August 18, 2014.  (Dkt. No. 44.)  The same day, Plaintiffs also moved for class certification.  (Dkt. No. 45.)  Defendants opposed this motion on September 22, 2014, (Dkt. No. 56), and Plaintiffs replied on October 6, 2014, (Dkt. No. 60).  Defendants also moved to dismiss Plaintiffs' Third Amended Complaint for lack of subject matter jurisdiction on September 15, 2014.  (Dkt. No. 53.)  Plaintiffs opposed this motion on September 29, 2014, (Dkt. No. 57), and Defendants replied on October 6, 2014, (Dkt. No. 59).

## II.   LEGAL STANDARD

A motion to dismiss an action pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action.  Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Moreover, "standing is an aspect of subject matter jurisdiction . . . , [and] no matter how important the issue, a court lacking jurisdiction is powerless to reach the merits under Article III of the Constitution."  *Fleck & Assocs., Inc. v. Phoenix, City of, an Ariz. Mun. Corp.*, 471 F.3d 1100, 1107 n.4 (9th Cir. 2006).

The burden rests on "the party who seeks the exercise of jurisdiction in his favor clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute."  *United States v. Hays*, 515 U.S. 737, 743 (1995) (internal quotations omitted).  "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative,

Case 2:13-cv-04416-BRO-FFM   Document 61   Filed 10/24/14   Page 6 of 12   Page ID #:958

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-04416 BRO (FFMx)** | Date | October 24, 2014 |
|---|---|---|---|
| Title | **GERARDO GONZALEZ ET AL. V. IMMIGRATION AND CUSTOMS ENFORCEMENT ET AL.** | | |

that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). Those who do not have Article III standing may not litigate in federal court. *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 475–76 (1982).

"Standing is determined by the facts that exist at the time the complaint is filed." *Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 569 n.4 (1992) (plurality op.). The standing of a later-added plaintiff is determined as of the date of the amended complaint which brought him into the action. *Lynch v. Leis*, 382 F.3d 642, 647 (6th Cir. 2004).

Finally, when a plaintiff seeks prospective injunctive relief, there must be a showing of a credible threat of recurrent injury to the named plaintiff. *LaDuke v. Nelson*, 762 F.2d 1318, 1323 (9th Cir. 1985); *see also City of L.A. v. Lyons*, 461 U.S. 95, 105 (1983) ("Lyons' standing to seek the injunction requested depended on whether he was likely to suffer future injury from the use of the chokeholds by police officers."). "*Lyons* requires that the 'personal stake' showing necessary under Article III in cases involving injunctive relief includes an essential showing of the likelihood of similar injury in the future." *LaDuke*, 752 F.2d at 1324; *accord Sample v. Johnson*, 771 F.2d 1335, 1340 (9th Cir. 1985) ("[P]laintiffs must demonstrate that a 'credible threat' exists that they will again be subject to the specific injury for which they seek injunctive or declaratory relief. . . . There must be a 'demonstrated probability' that plaintiff[s] will again be among those injured." (citing *Kolender v. Lawson*, 461 U.S. 352, 355 n.3 (1983); *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam))).

## III.   REQUEST FOR JUDICIAL NOTICE

When considering a motion to dismiss, a court typically does not look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n Solimino*, 501 U.S. 104 (1991). Notwithstanding this precept, a court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and (2) matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001). Under Federal Rule of

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-04416 BRO (FFMx)** | Date | October 24, 2014 |
|---|---|---|---|
| Title | **GERARDO GONZALEZ ET AL. V. IMMIGRATION AND CUSTOMS ENFORCEMENT ET AL.** | | |

Evidence 201(b), a judicially noticed fact must be one "not subject to reasonable dispute in that it (1) is generally known within the territorial jurisdiction of the trial court; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Further, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

Plaintiffs have requested that the Court take judicial notice of excerpts from an appellate brief submitted by the appellants in the matter *Morales v. Chadbourne*, No. 14-1425 (1st Cir. Aug. 13, 2014). (Dkt. No. 58.) Courts regularly take judicial notice of court filings in other proceedings. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) ("In particular, we 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Boreno, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992))). Accordingly, the Court **GRANTS** Plaintiffs' request to take judicial notice of this brief. (Dkt. No. 58-1.)

## IV. DISCUSSION

In their motion to dismiss Plaintiffs' Third Amended Complaint, Defendants primarily assert that the Court lacks jurisdiction because Plaintiffs have failed to establish standing. Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (quoting *Lujan*, 504 U.S. at 560). Moreover, "'[a] plaintiff must demonstrate standing separately for each form of relief sought.' Thus, a plaintiff who has standing to seek damages for a past injury, or injunctive relief for an ongoing injury, does not necessarily have standing to seek prospective relief such as a declaratory judgment." *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010) (quoting *Friends of the Earth*, 528 U.S. at 185). As explained below, Plaintiffs have failed to demonstrate standing with regard to one of the forms of relief they seek in the Third Amended Complaint.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-04416 BRO (FFMx)** | Date | October 24, 2014 |
|---|---|---|---|
| Title | **GERARDO GONZALEZ ET AL. V. IMMIGRATION AND CUSTOMS ENFORCEMENT ET AL.** | | |

### A. Remaining Deficiencies in Plaintiffs' Prayer for Relief

In the Court's previous order granting Defendants' motion to dismiss, the Court found that Plaintiffs had adequately pled standing "sufficient to seek damages and injunctive relief to remedy the alleged *ongoing* injuries." (Dkt. No. 42 at 9 (emphasis added).) Nevertheless, the Court found that Plaintiffs had not sought such relief in their Second Amended Complaint, as their prayer for relief sought only *prospective* injunctive relief. (Dkt. No. 42 at 9.) As discussed above, "[a]n award of or prospective injunctive relief requires the plaintiff to demonstrate a reasonable likelihood of future injury." *Bank of Lake Tahoe v. Bank of Am.*, 318 F.3d 914, 918 (9th Cir. 2003). Plaintiffs failed to establish such a likelihood in their Second Amended Complaint. (Dkt. No. 42.) Thus, in order to cure the standing deficiencies identified by the Court's previous dismissal order, Plaintiffs were required either (1) to plead additional facts demonstrating a likelihood of future injury, or (2) to modify the prayer for relief to seek only retrospective relief.

In amending their complaint, Plaintiffs made very few changes to their factual allegations. They neither added any additional named plaintiffs[1] nor pleaded additional facts demonstrating a likelihood of future injury. Plaintiffs contend in their opposition to Defendants' motion to dismiss that "Plaintiff Gonzalez also established a realistic threat of being subjected to 48 additional hours (plus weekends and holidays) of detention once their local custody ended." (Dkt. No. 57 at 17 n.4 (citing TAC ¶¶ 3, 67).) But the language in the Third Amended Complaint that Plaintiffs cite for this proposition merely states that, "at the end of the detainer period, [Gonzalez] *could* be taken into ICE's physical custody and detained for 2 more days, and perhaps longer, while ICE decided whether it had any basis to initiate removal proceedings—all without a judicial probable cause determination." (TAC ¶ 67 (emphasis added).) And a claim for prospective injunctive relief "'is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1044 (9th Cir. 1999) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). Here, Plaintiffs have failed to plead facts demonstrating anything more than

---

[1] *See B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) ("A class of plaintiffs does not have standing to sue if the named plaintiff does not have standing."); *Stevens v. Harper*, 213 F.R.D. 358, 367 (E.D. Cal. 2002) ("[W]here the named plaintiffs fail to establish imminent injury for the purposes of injunctive relief, their related claims for declaratory relief must be dismissed as unripe.").

Case 2:13-cv-04416-BRO-FFM   Document 61   Filed 10/24/14   Page 9 of 12   Page ID #:961

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-04416 BRO (FFMx)** | Date | October 24, 2014 |
|---|---|---|---|
| Title | **GERARDO GONZALEZ ET AL. V. IMMIGRATION AND CUSTOMS ENFORCEMENT ET AL.** | | |

"contingent future events." *Id.* Accordingly, the Third Amended Complaint again fails to establish Plaintiffs' standing to seek prospective injunctive relief.

Nevertheless, Plaintiffs also made changes to their prayer for relief. As Defendants argue, most of these changes are cosmetic, merely changing the wording and order of the forms of relief sought in the Second Amended Complaint. Although many of the changes are minimal, however, they are distinct in one important aspect. Whereas Plaintiffs' prayer for relief in the Second Amended Complaint sought purely prospective relief, Plaintiffs now request a form of relief that is retrospective in nature. The first form of relief sought in Plaintiffs' Third Amended Complaint is rescission of "any immigration detainers issued against Plaintiffs and members of the proposed class." (TAC Prayer ¶ 1.) Because Plaintiffs seek injunctive relief ordering Defendants to rescind their immigration detainers, this form of relief is retrospective and would redress Plaintiffs' ongoing injuries at the time they initiated this action (*i.e.*, their detention). *See Mayfield*, 599 F.3d at 971 ("When the lawsuit at issue challenges the legality of government action, and the plaintiff has been the object of the action, then it is presumed that a judgment preventing the action will redress his injury.").[2]

Yet Plaintiffs' second prayer for relief remains prospective. In this request for relief, Plaintiffs seek an order "[e]njoin[ing] Defendants, their subordinates, agents, employees, and all others acting in concert with them from *requesting* detention on an immigration detainer without first determining that there is probable cause to believe the subject is removable, providing a judicial determination of probable cause, and providing either a warrant or an individualized determination that the subject is likely to escape before a warrant can be obtained." (TAC Prayer ¶ 2.) "To establish standing [for a particular form of relief], [Plaintiffs] must show a 'substantial likelihood' that the relief sought would redress the injury." *Mayfield*, 599 F.3d at 971. Plaintiffs' second request for relief, however, would not redress Plaintiffs' injuries, as they had already been

---

[2] Given the need for Plaintiffs to demonstrate the unconstitutionality of Defendants' actions in order to seek rescission successfully, "the resolution of this challenge will be largely dispositive of [their] requests for declaratory . . . relief." *Lyons*, 461 U.S. at 126; *accord id.* ("Because Lyons has a claim for damages against the City, and because he cannot prevail on that claim unless he demonstrates that the City's chokehold policy violates the Constitution, his personal stake in the outcome of the controversy adequately assures an adversary presentation of his challenge to the constitutionality of the policy.").

Case 2:13-cv-04416-BRO-FFM Document 61 Filed 10/24/14 Page 10 of 12 Page ID #:962

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-04416 BRO (FFMx) | Date | October 24, 2014 |
|---|---|---|---|
| Title | GERARDO GONZALEZ ET AL. V. IMMIGRATION AND CUSTOMS ENFORCEMENT ET AL. | | |

subjected to a detainer when they initiated this action. And any argument by Plaintiffs that this relief would redress Plaintiffs' ongoing injuries because Defendants must continuously "request" their detention on an immigration detainer is inconsistent with their first request for relief, which suggests that such detainers must be rescinded.

As a result, Plaintiffs' second prayer for relief remains prospective in nature, and Plaintiffs have failed to plead any facts demonstrating that they have standing to seek prospective relief. Plaintiffs will be given one final opportunity to amend this prayer for relief. In doing so, Plaintiffs must either plead additional facts demonstrating a substantial likelihood of future injury warranting prospective relief or add an additional named plaintiff who can provide such factual allegations. If Plaintiffs fail to do so, Plaintiffs' requests for prospective relief will be denied with prejudice.

## B. Plaintiffs Were Suffering an Ongoing Injury When They Filed Suit

Defendants argue in their motion that Plaintiffs lack standing even to seek retrospective relief. According to Defendants, because Plaintiffs were not subject to an immigration detainer at the time they filed the Third Amended Complaint—the operative complaint in this matter—Plaintiffs cannot allege an "ongoing injury."

Both parties agree that "[t]he existence of federal jurisdiction ordinarily depends on the facts *as they exist when the complaint is filed*." *Lujan*, 504 U.S. at 571 (quoting *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 830 (1989)); *accord Clark v. City of Lakewood*, 259 F.3d 996, 1006 (9th Cir. 2001) ("Standing is determined by the facts that exist at the time the complaint is filed."). But Defendants contend that this principle refers to the most recent (*i.e.*, the operative) complaint in the matter rather than the initial one. In support of this argument, Plaintiffs cite the general rule that "an amended complaint supersedes the original, the latter being treated thereafter as non-existent." (Dkt. No. 53 at 22 (quoting *Valadez-Lopez v. Chertoff*, 655 F.3d 851, 857 (9th Cir. 2011)).) While this statement is true for purposes of determining the allegations in the complaint, it is not determinative for standing purposes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 13-04416 BRO (FFMx) | Date | October 24, 2014 |
|---|---|---|---|
| Title | GERARDO GONZALEZ ET AL. V. IMMIGRATION AND CUSTOMS ENFORCEMENT ET AL. | | |

Rather, the relevant date for purposes of determining a particular plaintiff's standing is the date on which that plaintiff entered the case.[3]  Cases holding otherwise appear often to rely on a misunderstanding of the Supreme Court's holding in *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991).[4]  As the Sixth Circuit explained:

> Standing is to be determined as of the time the complaint is filed.  The parties dispute whether the operative complaint is the first complaint, initiating the action, the Second Amended Complaint, adding [Plaintiff] Powers, or the Third Amended Complaint, the final complaint filed.  This confusion seems to be generated by *County of Riverside v. McLaughlin*, 500 U.S. 44, 51 (1991), which in the course of conferring standing to seek injunctive relief on warrantless arrestees who at the time their complaint was filed were suffering constitutional injury, referred to the final complaint filed in the case, the second amended complaint, as "the operative pleading."  A careful reading of *County of Riverside* demonstrates that the second amended complaint was important not because it was the operative pleading, but because it was that complaint which named "three additional plaintiffs" who were "still in custody" at the time the complaint was filed, and who were the plaintiffs found to have standing by the Court.  Therefore, *the operative complaint is the one adding Powers to the action . . . .*

*Lynch*, 382 F.3d at 647.  Thus, as this Court has already held, "[t]he standing of a later-added plaintiff is determined as of the date of the amended complaint which brought him into the action."  (Dkt. No. 42 at 5.)

Accordingly, the operative dates for determining Plaintiffs' standing are the dates they initially entered this action, and it is undisputed that both Gonzalez and Chinivizyan were subject to a detainer when each became involved in these proceedings.  The Court thus rejects Defendants' argument that Plaintiffs were not suffering an ongoing injury.

---

[3] The Ninth Circuit has not addressed this issue.

[4] Defendants cite a case from the Eastern District of California that holds: "Whether a plaintiff has standing is evaluated as of time the operative complaint is filed." *Jadwin v. Cnty. of Kern*, 107-CV-00026-OWW-DLB, 2009 WL 2424565, at *6 (E.D. Cal. Aug. 6, 2009).  That case is not binding on this Court, however, and the Court declines to adopt this approach to determining the issue of standing.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 13-04416 BRO (FFMx)** | Date | October 24, 2014 |
|---|---|---|---|
| Title | **GERARDO GONZALEZ ET AL. V. IMMIGRATION AND CUSTOMS ENFORCEMENT ET AL.** | | |

### C. The Court Will Not Reconsider Arguments It Has Already Rejected

Finally, both parties devote a great deal of time to discussing matters that this Court has already decided. Specifically, Defendants raise the following arguments in their motion and reply: (1) Plaintiffs' claims are moot; (2) Plaintiffs have not suffered any injury in fact; (3) any injuries that Plaintiffs did sustain are not directly traceable to Defendants; (4) the Court lacks jurisdiction to hear Plaintiffs' habeas petition; and (5) Plaintiffs have failed to allege an *ultra vires* claim. (Dkt. Nos. 53, 59.) In its previous order granting Defendants' motion to dismiss, however, the Court already rejected each of these arguments, (Dkt. No. 42 at 10–13), which Defendants repeat here near verbatim.

In support of their plea for the Court to reconsider these arguments, Defendants argue that these decisions are not "law of the case" because the Court's analysis in its previous order hinged on the issue of standing, rendering this portion of the Court's discussion mere dicta. (Dkt. No. 59 at 7–8.) As Defendants argue, "[r]econsideration of a fact issue may be appropriate . . . if there is new evidence, or if a change of procedural posture changes the nature of the issue." 18B Wright & Miller, Federal Practice & Procedure § 4478.5 (2d ed. 2014). But Defendants have provided no reason for the Court to reconsider its prior rulings, nor have the amendments in the pleadings changed the operative facts of these issues. Accordingly, the Court declines to reconsider its prior rulings on these issues.

### V. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED in part**. Plaintiffs' second prayer for relief is **DISMISSED without prejudice**. Plaintiffs must file an amended complaint by no later than **Friday, November 7, at 12 p.m.** Plaintiffs' motion for class certification is **DENIED without prejudice**.

The hearing scheduled for Monday, October 27 is hereby **VACATED**.

**IT IS SO ORDERED.**                                          :

                                          Initials of Preparer          rf