JENNIFER PASQUARELLA (SBN 263241)
  *jpasquarella@aclusocal.org*
JESSICA KARP BANSAL (SBN 277347)
  *jbansal@aclusocal*.org
MOHAMMAD TAJSAR (SBN 280152)
  *mtajsar@aclusocal.org*
ZOE MCKINNEY (SBN 312877)
  *zmckinney@aclusocal.org*
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Phone:  (213) 977-9500
Facsimile:  (213) 977-5299

Attorneys for Plaintiffs
(continued on next page)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| GERARDO GONZALEZ; et al., | Case No. CV 13-04416 AB (FFMx) |
| Plaintiffs, | Honorable André Birotte Jr. |
| vs. | **PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' MOTION FOR COMPLIANCE AND LIMITED DISCOVERY (DKT. 104) CURRENTLY UNDER SUBMISSION** |
| IMMIGRATION AND CUSTOMS ENFORCEMENT; et al., | |
| Defendants. | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

BARRETT S. LITT (SBN 45527)
  blitt@kmbllaw.com
LINDSAY B. BATTLES (SBN 262862)
  lbattles@kmbllaw.com
KAYE, McLANE, BEDNARSKI, & LITT
975 East Green Street
Pasadena, California 91106
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

CHRIS NEWMAN (SBN 255616)
  newman@ndlon.org
NATIONAL DAY LABOR ORGANIZING NETWORK
1030 S. Arroyo Pkwy, Suite 106
Pasadena, CA 91105
Telephone: (626) 799-2160
Facsimile: (626) 799-3560

MARK M. FLEMING, *pro hac vice*
  mfleming@heartlandalliance.org
RUBEN LOYO, *pro hac vice*
  rloyo@heartlandalliance.org
NATIONAL IMMIGRANT JUSTICE CENTER
224 S. Michigan Avenue, Suite 600
Chicago, IL 60604
Telephone: (312) 660-1628
Facsimile:(312) 660-1505

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Gerardo Gonzalez, on behalf of the Probable Cause Subclass, files this notice of supplemental authority in support of his pending motion for compliance with the Court's permanent injunction. Dkt. 104. On September 11, 2020, the Ninth Circuit vacated the permanent injunction in this case and remanded to the district court for further fact finding. *Gonzalez v. U.S. Immigration & Customs Enf't*, 2020 WL 5494324 (9th Cir. Sept. 11, 2020). Plaintiffs acknowledge that the Ninth Circuit's decision moots Plaintiff's motion seeking ICE's compliance with the injunction and limited discovery, even though the underlying issue of ICE's failure to comply with an order of this Court remains. In the intervening weeks since the Court's hearing on Plaintiffs' motion, Plaintiffs have received additional information from law enforcement agencies affirming that NLETS is not a mechanism for cancellation of detainers, and even more troubling, that agencies did not even receive the NLETS message that ICE claims to have sent.

In response to Plaintiffs' motion for compliance, ICE stated that it issued 2,225 "individual notices. . . to each LEA who had received [enjoined] detainers" via NLETS to accomplish the rescission of 28,659 detainers. Dkt. 115 at 4-5. It also stated that these messages further complied with the Court's order that ICE "circulate[] to all state and local law enforcement agencies to whom ICE issues detainers" a notice "informing them of the contents of the Court's ruling and its impact on detainers issued by ICE." *Id.* at 5; *see Roy* Dkt. 574. In their motion and at the hearing on the motion, Plaintiffs argued that NLETS was not a vehicle to rescind detainers, because recission required ICE to issue cancelled I-247 forms, as has been its policy and practice for over two decades. Dkt. 104 at 4-6; Dkt. 116 at 3-7. Plaintiffs cited examples of enjoined detainers that, months after the Court's injunction, law enforcement agencies still believed to be active and valid. Dkt. 104 at 5-6; Dkt. 116 at 7-8. Plaintiffs further noted there was no evidence that all law enforcement agencies receiving detainers use NLETS, nor that they would use

NLETS in this manner. ICE responded that it was reasonable to use NLETS for this purpose because it had used NLETS once before to rescind detainers in the *Moreno v. Napolitano* litigation, Dkt. 115 at 4, but that statement was false, as no detainer rescission took place in *Moreno*. Dkt. 116 at 5; Dkt. 116-1 at ¶6, Exh. A.

Following the hearing on Plaintiff's motion, Plaintiff's counsel sent out Public Records Act requests to numerous law enforcement agencies and state prisons that receive high volumes of detainers from the PERC. *See* Declaration of Jennifer Pasquarella ¶3, Exh. A (sample PRA request). Specifically, Plaintiff's counsel requested information about whether the respective agencies use the NLETS platform to receive messages and, if so, whether they received any message from ICE "providing notification [this Court's decision] and a list of individuals in [their] custody for whom ICE stated it had cancelled their I-247 detainers." *Id.* The responses Plaintiff's counsel have thus far received to these record requests indicate that ICE's message was not received at all, and thus that the enjoined detainers were not rescinded.

Of those agencies that have responded to the records request, not a single one has confirmed receipt of ICE's NLETS message. The State of New Jersey's Department of Corrections responded that "no such message regarding Gonzalez v. ICE was received via NLETS. The Department does not use NLETS to cancel detainers." *Id.* ¶9, Exh. F. The Southern California counties of Orange, Riverside and San Bernardino—which receive detainers 24 hours a day from the PERC, *see* Trial Exh. 101—responded noting that although they do have the capability to receive NLETS messages via the California Enforcement Telecommunications Systems (CLETS), they had not received any message like the one described in the request. *See id.* ¶5, Exh. B (Orange County Sheriff's Department did not "locate[] any records responsive to [our] request" despite maintaining an archive of NLETS messages dating back 3 years); *id.* ¶6, Exh. C (Riverside County Sheriff's Department "did not receive any such informational message" regarding the

3

injunction in this case or cancelling detainers via NLETS despite accessing an archive of messages dating back to 1998); *id.* ¶8, Exh. E (San Bernardino Police Department could locate no responsive records). Orange County's response is notable because Plaintiffs previously raised the example of an enjoined detainer the Orange County Sheriff's Department continued to believe was valid months after the final judgment—that of Cesar Loza. *See* Dkt. 104 at 5; Dkt. 116 at 7. The OC Sheriff's PRA response confirms that ICE never actually communicated anything to the OC Sheriff about the rescission of Loza's detainer, whether via NLETS or otherwise, despite ICE's contrary claims to this Court. *See* Dkt. 115 at 13 ("[T]he Court cannot hold ICE responsible for the Orange County Sheriff's failure to recognize the rescission of Mr. Loza's detainer."). Similarly, the Riverside Police Department responded that while they receive NLETS messages through CLETS and archive such messages for three years, they "were unable to find any messages regarding ICE" from February 5, 2020 to the present. *Id.* ¶7, Exh. D. And in response to an informal query, the Contra Costa Sheriff's Department stated that it did not receive any message over NLETS from ICE about the cancellation of detainers or this Court's injunction. *Id.* ¶12, Exh. I ("Although we do receive communication via NLETS, no one has ever seen a teletype or message like the one you sent."). Several other PRA requests are still outstanding. *Id.* ¶¶3-4.

The PRA responses further demonstrate that ICE not only did not rescind the enjoined detainers, which required sending the canceled I-247 forms, but that many agencies did not even receive the message ICE claimed it sent over NLETS to effectuate rescission and notice of the Court's injunction.

This Court has a continuing interest in ensuring that its orders are adhered to. Although Plaintiffs acknowledge that their motion for compliance may now be moot, ICE's violation of an order of this Court, and its apparent misrepresentations about it, is a matter of continuing concern.

1

2                                              Respectfully submitted,

3

4       Dated September 17, 2020              /s/ Jennifer Pasquarella
                                             JENNIFER PASQUARELLA
5                                            Counsel for Plaintiffs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28