JENNIFER PASQUARELLA (SBN 263241)
 jpasquarella@aclusocal.org
JESSICA KARP BANSAL (SBN 277347)
 jbansal@aclusocal.org
MOHAMMAD TAJSAR (SBN 280152)
 mtajsar@aclusocal.org
ZOE MCKINNEY (SBN 312877)
 zmckinney@aclusocal.org
JORDAN WELLS, pro hac vice
 jwells@aclusocal.org
SYLVIA TORRES-GUILLÉN (SBN 164835)
 storres-guillen@aclusocal.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1313 W. 8th Street
Los Angeles, CA 90017
Phone:  (213) 977-9500
Facsimile:  (213) 977-5299

Attorneys for Plaintiffs
(continued on next page)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| GERARDO GONZALEZ; et al., <br><br> Plaintiffs, <br><br> vs. <br><br> IMMIGRATION AND CUSTOMS ENFORCEMENT; et al., <br><br> Defendants. | Case No. CV 13-04416 AB (FFMx) <br><br> Honorable André Birotte Jr. <br><br> **PLAINTIFFS' REPLY TO RESPONDENTS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY [Dkt. 122]** |

1
2   BARRETT S. LITT (SBN 45527)
       *blitt@kmbllaw.com*
3   LINDSAY B. BATTLES (SBN 262862)
       *lbattles@kmbllaw.com*
    KAYE, MCLANE, BEDNARSKI, & LITT
4   975 East Green Street
    Pasadena, California 91106
5   Telephone: (626) 844-7660
    Facsimile: (626) 844-7670

6   CHRIS NEWMAN (SBN 255616)
       *newman@ndlon.org*
7   NATIONAL DAY LABOR ORGANIZING NETWORK
    1030 S. Arroyo Pkwy, Suite 106
8   Pasadena, CA 91105
    Telephone: (626) 799-2160
9   Facsimile: (626) 799-3560

10  MARK M. FLEMING, *pro hac vice*
       *mfleming@heartlandalliance.org*
11  RUBEN LOYO, *pro hac vice*
       *rloyo@heartlandalliance.org*
12  NATIONAL IMMIGRANT JUSTICE CENTER
    224 S. Michigan Avenue, Suite 600
13  Chicago, IL 60604
    Telephone: (312) 660-1628
14  Facsimile:(312) 660-1505

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On October 2, 2020, Defendants filed a response to Plaintiffs' Notice of Supplemental Authority on the pending Motion for Compliance. *See* Dkt. 122. Defendants' response does not undermine Plaintiffs' showing that ICE failed to comply with this Court's order to rescind all enjoined detainers. Plaintiffs now respond briefly to address three points.

*First*, Defendants insist that ICE did, in fact, send NLETs messages to the three Law Enforcement Agencies ("LEAs") that reported to Plaintiffs that they did not locate any NLETs message from ICE rescinding specific detainers. Dkt. 122 at 2-3 (referred to as "Group I" in Defendants' response). ICE's offerings miss the point. Whether or not ICE sent the messages, the messages clearly did not accomplish rescission, as those agencies did not even see them.

Further, Orange County Sheriff's Department sent counsel for Plaintiffs' a supplemental letter, dated October 2, 2020, again confirming that it never saw the NLETS message and only was made aware of it on September 23, 2020 when DHS Unit Chief John Scelta personally contacted staff at OCSD's Records Division to flag its existence, after Plaintiffs' had filed their motion for compliance. Third Supp. Declaration of Jennifer Pasquarella ¶ 16, Exhibit L. Accordingly, OCSD was not aware that the detainer discussed in Plaintiffs' initial motion was invalid, *see* Dkt. 104 at 5, but it also failed to rescind the approximately 364 detainers listed in ICE's message. *See id.* (noting that OCSD identified only 7 individuals on the list who remain in its custody as of October 2, but failing to indicate whether it took any subsequent action on those detainers).

*Second*, Defendants suggest that Plaintiffs should have approached counsel for Defendants directly for clarification as to which LEAs received the NLETs messages. But in the conference of counsel leading up to the underlying motion for compliance, Plaintiffs *explicitly* asked Defendants' counsel to identify the agencies to whom ICE had sent the NLETs notices. *See* Dkt. 104 at 4; Dkt. 105 ¶ 12, Exhibits E-F (emails between counsel). As Plaintiffs explained before,

1

1   counsel for Defendants refused to provide this information. *Id.* As such,
2   contacting ICE to request production of particular NLETs messages sent to
3   specific agencies would have been futile. And in any event, the relevant question
4   is not whether ICE sent the messages but whether the LEAs actually received
5   them and cancelled the enjoined detainers accordingly.

6       *Finally*, the additional responses to public records requests that Plaintiffs
7   have received further indicate that ICE did not comply with this Court's February
8   5, 2020 Order requiring rescission of the enjoined detainers. *Roy* Dkt. 574. Since
9   Plaintiffs filed their Notice of Supplemental Authority, Dkt. 121, twelve more
10  agencies have responded to the records act requests, one of which declined to
11  provide the requested information. Third Supp. Pasquarella Dec. ¶ 4; *id.* ¶ 14,
12  Exhibit J (Illinois Department of Corrections declining to provide requested
13  documents).

14      Of these responses, eleven agencies reported no responsive records were
15  located, with three also reporting that they do not use or have access to NLETs at
16  all. *See id.* ¶¶ 5-13, ¶17; *see, e.g., id.* ¶17, Exhibit M (Florida Department of
17  Corrections "do[es] not use NLETS");  *id.* ¶ 6, Exhibit B (Georgia Department of
18  Corrections "does not receive messages through the NLETs network"); *id.* ¶ 11,
19  Exhibit G (Fulton County Sheriff's Office "do[es] not have any type of
20  connection to NLETs"); *id.* ¶ 7, Exhibit C (Miami-Dade Police Department
21  "receives NLETs messages" but "did not locate any NLETs messages"
22  responsive to the request); *id.* ¶ 8, Exhibit D ("A search was conducted based on
23  the information provided and there were no responsive records located."); *id.* ¶ 9,
24  Exhibit E ("City of Santa Ana has no records responsive to your request."); *id.* ¶
25  10, Exhibit F (Harris County Sheriff's Office "does not have any records
26  responsive to the request"); *id.* ¶ 12, Exhibit H ("The [San Diego] Sheriff's
27  Department did not receive a message from ICE" responsive to the request).
28

Only one agency identified the message at issue. The Kern County Sheriff's Office (KCSO) acknowledged receipt and provided a copy of an NLETs message received on March 5, 2020 like those Defendants have provided to this Court at Dkt. 122-2 to 122-6. *See id.* ¶ 15, Exhibit K. Notably, however, KCSO's response suggests that it did not take any action in response to the NLETs message it received. *See id.* (no records responsive to item 3.c. requesting "any and all documentation of [the] agency's actions to cancel'rescind/revoke the detainers listed in ICE's message"). This underscores that even if an agency received the NLETS notice, it was not an effective method of rescission.

The evidence presented plainly demonstrates that ICE's mass NLETS message was not an effective method of detainer rescission.

Respectfully submitted,

Dated: October 13, 2020  ACLU OF SOUTHERN CALIFORNIA

         By: /s/ Jennifer Pasquarella
            JENNIFER PASQUARELLA
            Attorney for Plaintiffs